

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```
--------------------------------------------------------------X
TRUSTEES OF THE PAVERS AND ROAD
BUILDERS DISTRICT COUNCIL WELFARE,
PENSION, ANNUITY AND APPRENTICESHIP,
SKILL IMPROVEMENT AND SAFETY FUNDS,

                    Plaintiff,

    - against -

ONE TEN RESTORATION, INC. and
COLONIAL SURETY COMPANY,

                    Defendants,
--------------------------------------------------------------X
COLONIAL SURETY COMPANY,

                    Defendant/Third-Party
                    Plaintiff,

    - against –

ONE TEN RESTORATION, INC., AMJAD NAZIR,
RUKHSANA NAJEEB, and EAST PORT EXCAVATION
& UTILITIES CONTRACTORS, INC., d/b/a EAST PORT
EXCAVATION,

                    Third-Party Defendants,
--------------------------------------------------------------X

**MEMORANDUM DECISION & ORDER**

12-cv-3576 (AMD) (RER)

**ANN M. DONNELLY, United States District Judge:**

Third-party plaintiff Colonial Surety Company ("Colonial") commenced this action on February 6, 2013, against the third-party defendants One Ten Restoration, Inc. ("One Ten"), Amjad Nazir, Rukhsana Najeeb, and East Port Excavation & Utilities Contractors, Inc., d/b/a East Port Excavation, to recover damages and premiums owed to it pursuant to an indemnity agreement. On May 29, 2018, I granted Colonial's motion for partial summary judgment against Najeeb for contractual indemnification in the amount of $554,908.06, and deferred ruling on Colonial's request for pre-judgment and post-judgment interest. For the reasons discussed below, I now grant Colonial's request for pre-judgment and post-judgment interest.

1

# BACKGROUND[1]

On January 23, 2009, Colonial and third-party defendants One Ten, Nazir, and Najeeb executed a General Indemnity Agreement, in which they agreed "jointly and severally" to indemnify Colonial "in connection with any [b]onds written on behalf of One Ten Restoration, Inc." (Indemnity Agreement, ECF No. 130-1.) The agreement was signed by Colonial, Nazir (individually and on behalf of One Ten), and Najeeb. (*Id.*)

On February 6, 2013, Colonial asserted, *inter alia*, a cross-claim for contractual indemnification against One Ten, Nazir and Najeeb. (Am. Answer & Third-Party Compl., ECF No. 17 ¶¶ 37-41.) On January 13, 2016, Colonial agreed to settle its claims, and on October 6, 2016, Magistrate Judge Reyes entered a Consent Judgment in favor of Colonial and against One Ten and Nazir for $462,800.00. (Minute Entry, 1/13/2016; Consent J., ECF No. 113.) Najeeb did not sign the Consent Judgment. (ECF No. 113.)

On May 29, 2018, I granted summary judgment for contractual indemnification against Najeeb, finding that under New York law, the Indemnity Agreement was a valid and enforceable contract that was binding on Najeeb. (ECF No. 128.) I ruled that New York law governed the action because both parties' filings on summary judgment cited only New York law and therefore, they consented implicitly to the application of New York law to their dispute.[2] (*See* ECF Nos. 123-1, 125-4, 128.) I found that Najeeb was jointly and severally liable to Colonial for contractual indemnification in the amount of $554,908.06. (ECF No. 128.)

---

[1] The Court assumes the parties' familiarity with the facts underlying this action and only repeats facts relevant to the instant motion.

[2] "While the Indemnity Agreement does not contain a choice of law provision and neither party addresses this issue, both parties assume that New York law controls in this dispute. Thus, I find that the parties' 'implied consent' that New York law governs 'is sufficient to establish choice of law.' *Santalucia v. Sebright Transp., Inc.*, 232 F.3d 293, 296 (2d Cir. 2000) (quoting *Tehran–Berkeley Civil & Environmental Engineers v. Tippetts–Abbett–McCarthy–Stratton*, 888 F.2d 239, 242 (2d Cir.1989)); *see also Olin Corp. v. OneBeacon Am. Ins. Co.*, 864 F.3d 130, 153 n.11 (2d Cir. 2017)." (ECF No. 128.)

In its motion seeking pre-judgment and post-judgment interest, Colonial asks for (1) pre-judgment interest in the amount of $162,594.31, for the period of the date of each payment by Colonial through May 29, 2018 (inclusive) pursuant to C.P.L.R. § 5001; (2) pre-judgment interest pursuant to C.P.L.R. § 5002 for the period of May 30, 2018, until final judgment is entered; and (3) post-judgment interest pursuant to 28 U.S.C. § 1961, beginning on the entry of final judgment. (ECF No. 129.) Colonial argues that pre-judgment and post-judgment interest are mandatory under New York and federal law, respectively. (*Id.*)

Najeeb does not dispute that pre-judgment and post-judgment should be awarded. (ECF No. 130.) Instead, she argues that New Jersey law should apply to the pre-judgment interest analysis because "there is a significant difference in New York and New Jersey laws regarding the right to pre-judgment interest," and because the Indemnity Agreement has no choice of law provision mandating the application of New York law. (*Id.*)

## DISCUSSION

*Pre-Judgment Interest*

Under New York's choice-of-law rules, which the Court must apply in this diversity action, "the allowance of prejudgment interest is controlled by the law of [the state] whose law determined liability on the main claim." *See Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 147 (2d Cir. 2008) (alteration in original) (quoting *Entron, Inc. v. Affiliated FM Ins. Co.*, 749 F.2d 127, 131 (2d Cir. 1984)); *Schipani v. McLeod*, 541 F.3d 158, 164 (2d Cir.2008) (in diversity cases, state law governs the award of pre-judgment interest); *Cont'l Cas. Co. v. Contest Promotions NY, LLC,* No. 15-cv-501, 2016 WL 1255726, at *7 n.6 (E.D.N.Y. Mar. 28, 2016) ("[T]he Court applies New York law to Plaintiff's breach of contract claim…and therefore the Court turns to New York law to determine whether Plaintiff is entitled to prejudgment interest.").

3

New York law requires that I apply the same analysis to the issue of pre-judgment interest as I applied to a loss-allocation determination, such as joint and several liability. *Caruolo v. John Crane, Inc.*, 226 F.3d 46, 59 (2d Cir. 2000) (district court erred in not applying Rhode Island law, which it properly applied to the loss-allocating issue of joint and several liability).

As noted above, both parties' arguments on summary judgment on the indemnification claim cited New York law. I also determined that Najeeb was jointly and severally liable to Colonial based on New York law. It would be inconsistent with the prior rulings in this case, and with Second Circuit precedent, to apply New Jersey law on the subject of pre-judgment interest. *See Caruolo*, 226 F.3d at 59; *Schwartz*, 539 F.3d at 147.[3]

Under N.Y. C.P.L.R. § 5001, pre-decision interest is calculated from the date the contract damages begin until the date of the decision awarding damages. *See Rhodes v. Davis*, 628 F. App'x 787, 792 (2d Cir. 2015) (pre-judgment interest "is generally mandatory 'upon a sum awarded because of a breach of performance of a contract'") (citing § 5001(a)). "Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred." N.Y. C.P.L.R. § 5001(a). The statutory interest rate is nine percent per annum. N.Y. C.P.L.R. § 5004. Colonial is entitled to $162,594.31 in pre-judgment interest, accruing from the date of each payment by Colonial, until May 29, 2018, the date I granted summary judgment.[4]

---

[3] I reject Najeeb's argument that choice-of-law analysis requires me to apply New Jersey law. *See Avis Budget Car Rental, Inc. v. JD2 Envtl., Inc.*, No. 12-cv-5010, 2018 WL 1175709, at *2 (E.D.N.Y. Mar. 6, 2018) ("Although JD2 insinuates that New Jersey's lower rate of pre-judgment interest should be applied to prevent 'forum shopping'...the Court finds no such forum shopping here, where Avis merely seeks to apply the prejudgment interest rate of the state whose substantive law gives rise to Avis's claim for negligence.").

[4] Colonial calculates this amount to be $162,594.31 in pre-judgment, pre-decision interest, based on the sworn affidavit of Wayne Nunziata, the President of Colonial Surety Company. (*See* ECF Nos. 123-2, 129-1.) Najeeb does not dispute the amount or the underlying facts in the affidavit. (*See* ECF No. 130.)

Under N.Y. C.P.L.R. § 5002 and 5004, pre-judgment, post-decision interest is calculated at a rate of nine percent per annum, from the date of the decision awarding damages to the date of the entry of final judgment. Accordingly, Colonial is entitled to post-decision interest of $49,941.73 per annum, or $136.83 per day, beginning on May 30, 2018, and ending on the date final judgment is entered.

*Post-Judgment Interest*

While pre-judgment interest is calculated according to state law in diversity actions, federal law governs post-judgment interest. *Schipani*, 541 F.3d at 165; *see also Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 98 (2d Cir. 2004). Post-judgment "[i]nterest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Post-judgment interest is mandatory. *See* 28 U.S.C.A. § 1961 ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."); *Cappiello v. ICD Publications, Inc.*, 720 F.3d 109, 112 (2d Cir. 2013) ("[U]nder § 1961, federal district courts must apply the federal rate of post-judgment interest to judgments rendered in diversity actions."). Accordingly, the plaintiff is entitled to post-judgment interest from the date judgment is entered, at the rate set by law.

## CONCLUSION

Colonial's request for pre-judgment and post-judgment interest is granted. Colonial is entitled to a) $162,594.31 in pre-judgment interest, pursuant to N.Y. C.P.L.R. § 5001; b) $49,941.73 in pre-judgment interest per annum, or $136.83 per day, beginning on May 30, 2018, and ending on the date final judgment is entered, pursuant to N.Y. C.P.L.R. § 5002; and

c) post-judgment interest beginning on the date judgment is entered, pursuant to 28 U.S.C.A. § 1961.

**SO ORDERED.**

                                         s/Ann M. Donnelly
                                         _____
                                         Ann M. Donnelly
                                         United States District Judge

Dated: Brooklyn, New York
          December 13, 2018